OPINION
Defendant-appellant, Gregg Stewart, appeals his conviction in the Hamilton Municipal Court for driving under the influence ("DUI"). The judgment of the trial court is affirmed.
In the early morning hours of January 21, 2000, Officer David Riley of the Hamilton Police Department received a radio dispatch indicating that an individual was harassing railroad workers near Fifth and Vine Streets in Hamilton. When Officer Riley arrived on the scene around 2:30 a.m., the railroad workers pointed out appellant as the individual harassing them. Officer Riley watched as appellant backed his truck through the Connaughton Fence Co. parking lot and into a row of shrubbery in front of the building. Although the rear of the truck was near the building, it did not touch it or cause any damage.
Officer Riley approached the truck and motioned for appellant to roll down the window. As appellant did so, Officer Riley noticed the smell of an intoxicating beverage. Officer Riley observed that appellant's face was flushed, and asked him to exit the truck, which he did slowly. After a brief exchange, Officer Riley administered two field sobriety tests, the walk-and-turn test, and the finger dexterity test.
Officer Riley concluded that appellant failed the walk-and-turn test after appellant failed to count out loud as instructed, and failed to touch his heel to his toe with each step. Officer Riley also determined that appellant failed the finger dexterity test after appellant failed to count out loud as instructed, and touched all of his fingers with one fluid motion rather than touching each finger individually as instructed. Appellant refused to do the one-legged stance test, and Officer Riley also considered this test as having been failed. Appellant was placed under arrest for DUI.
Appellant filed a motion to suppress, alleging that the officer's investigatory stop was not properly based upon reasonable and articulable suspicion that appellant was involved in any criminal activity. The trial court overruled the motion, finding that the stop was proper. Appellant appeals, raising a single assignment of error.[1]
 THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT/DEFENDANT'S MOTION TO SUPPRESS.
When considering a motion to suppress, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence.State v. Fanning (1982), 1 Ohio St.3d 19, 20. An appellate court must accept the trial court's findings if they are supported by competent and credible evidence. State v. Williams (1993), 86 Ohio St.3d 37, 41. Relying on the trial court's findings, an appellate court independently determines, "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691.
Appellant first contends that Officer Riley lacked reasonable, articulable suspicion to make the stop. It is well-established that a law enforcement officer must be able to state articulable facts that served as the basis for suspicion of criminal activity for an investigatory stop to be constitutional under the Fourth Amendment.Terry v. Ohio (1968), 392 U.S. 1, 21, 88 S.Ct. 1868. Reasonable suspicion connotes something less than probable cause, but something more than an "inchoate and unparticularized suspicion or hunch." Terry at 27. The existence of reasonable suspicion must be considered in light of the totality of the circumstances. State v. Freeman (1980), 64 Ohio St.2d 291,295.
However, it is equally well-established that the Fourth Amendment is not implicated in all personal encounters between police officers and citizens, and in particular in the case of a consensual encounter.Florida v. Bostick (1991), 501 U.S. 429, 434, 111 S.Ct. 2382, 2386; Statev. Reed (Sept. 11, 2000), Clermont App. No. CA99-11-102, unreported. "An encounter which does not involve physical force or a show of authority is a consensual encounter that does not trigger Fourth Amendment scrutiny; therefore, an officer does not need reasonable suspicion merely to approach an individual in order to make reasonable inquiries of him."State v. Brock (June 1, 1989), Clermont App. No. CA97-09-177, unreported. Nor does the fact that an officer identifies himself as a police officer "convert the encounter into a seizure requiring some level of objective justification." Florida v. Royer (1983), 460 U.S. 491, 498,102 S.Ct. 1319, 1324. In particular, a police officer's approach and questioning of the occupant of a parked vehicle does not constitute a seizure, and therefore does not require reasonable, articulable suspicion of criminal activity. Reed at 6.
After reviewing the entire record, we find that the initial encounter between appellant and Officer Riley was not a seizure or a traffic stop, but rather a consensual encounter which did not require reasonable suspicion. Appellant was operating his truck in the Connaughton Fence Co. parking lot. Officer Riley pulled into the parking lot, but did not activate his lights or turn on his siren. After appellant parked the vehicle, Officer Riley merely walked up to the side of appellant's truck and motioned for him to lower the window. This does not constitute a "stop." Reed at 6; State v. Boys (1998), 128 Ohio App.3d 640, 642.
During their conversation, Officer Riley noticed the smell of an intoxicating beverage coming from appellant. At this point, Officer Riley formed a reasonable suspicion that appellant was intoxicated and had committed a crime, DUI. This reasonable suspicion justified the officer's request that appellant exit the vehicle to perform field sobriety tests. Reed at 6-7.
Appellant next contends that the walk-and-turn field sobriety test administered by Officer Riley cannot serve to establish probable cause because it was not administered in strict compliance with standardized testing procedures. The walk-and-turn test requires the suspect to walk nine steps, heel-to-toe, on a straight line, such as a road edge line. The suspect is then told to turn around to the left and walk back in the same manner. During the test, the suspect is told to keep his hands at his side. The suspect is instructed to stand with his right foot placed in front of his left while he listens to the officer's instructions.
Officer Riley's administration of this test varied from the standardized procedure in several respects. There is no indication in the record that Officer Riley instructed appellant how to stand while receiving instructions on the test. He did not tell appellant which direction to turn after completing nine steps, nor did he have appellant follow a designated straight line.
The "small margins of error that characterize field sobriety tests make strict compliance critical." State v. Homan (2000), 89 Ohio St.3d 421,425. When field sobriety testing is conducted in a manner that departs from established methods and procedures, the results are inherently unreliable. Id. For example,
 [w]ith respect to the walk-and-turn test * * * it is important that the investigating officer have the suspect balance heel-to-toe while listening to his or her instructions on how to perform the test * * *. The ability or inability of the suspect to keep his or her balance while simultaneously listening to instructions is an important test clue.
Id., citing National Highway Traffic Safety Adm., U.S. Dept. of Transp., JS 178 R2/00, DWI Detection and Standardized Field Sobriety Testing, Student Manual (2000), at VIII-3. If any of the standardized field sobriety elements is changed, the validity of the test is compromised.Id. Substantial compliance with standardized procedures is not adequate; field sobriety tests which are not administered in strict compliance with standardized procedures cannot serve as evidence of probable cause to arrest a suspect for DUI. Homan at paragraph one of the syllabus; R.C. 45119.19(A)(1). Accordingly, this evidence should have been excluded.
In determining whether the police had probable cause to arrest an individual for DUI, we consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source, sufficient to cause a reasonable person to believe that the suspect was driving under the influence. Beck v. Ohio (1964), 379 U.S. 89,91, 85 S.Ct. 223, 225. In making this determination, we are required to consider the totality of facts and circumstances surrounding the arrest.State v. Miller (1997), 117 Ohio App.3d 750, 761.
In the present case, Officer Riley admitted to not having strictly complied with established police procedure when administering the walk-and-turn test. However, the totality of the facts and circumstances surrounding the arrest still support a finding of probable cause.
While field sobriety tests must be administered in strict compliance with standardized procedures, probable cause to arrest does not necessarily have to be based, in whole or in part, on a suspect's performance on the tests. The totality of facts and circumstances can support a finding of probable cause to arrest even where few or no field tests have been administered, or where, as here, a test result must be excluded for lack of strict compliance.
Officer Riley observed appellant back his truck into a row of bushes, nearly hitting a building. After appellant parked his truck in this position, Officer Riley approached appellant and could smell alcohol on appellant's breath. Officer Riley then administered field sobriety tests. Appellant failed the finger dexterity test and refused to complete the one-legged stance test. The totality of these facts and circumstances amply supports Officer Riley's decision to place appellant under arrest for DUI. The assignment of error is overruled.
Judgment affirmed.
 _________ WALSH, J.
POWELL, P.J., and VALEN, J., concur.
[1] 1. We note that the city of Hamilton has failed to file a brief in this matter.